HULBERT WEBSTER v. CITY OF LANSING.

*Violation of municipal ordinance—Appeals—Statute of amendments.*

Where a city charter authorizes a city to prosecute civil suits in its own name, for the violation of city ordinances, a criminal prosecution before a justice for the violation of an ordinance, cannot, on appeal, be transformed into a civil suit, nor can the original criminal sentence be affirmed on the civil side of the appellate court.

A change of style in appealing a criminal prosecution so that the case on appeal shall appear to be a civil suit, introduces a fatal contradiction of the record, and the defect cannot be cured by the statute of amendments.

Error to Ingham.    Submitted Oct. 19.    Decided Oct. 26.

COMPLAINT against saloon-keeper.    Respondent brings error.    Reversed.

*M. V. & R. A. Montgomery* for plaintiff in error.

City Attorney *E. C. Chapin* for defendant in error.

GRAVES, J.   The plaintiff in error was prosecuted by criminal proceedings before a justice of the peace for keeping a saloon without license contrary to city ordinances and the justice found him guilty and sentenced him to pay a fine of thirty dollars within two hours and in default of payment to be imprisoned in the penitentiary of the city for thirty days.

Webster appealed to the circuit court where the case was entitled and presented as though it were a civil suit by the city against the defendant.   This was not a mere clerical

misprision or an accidental misnomer. It was a deliberate proceeding by the city.

The jury rendered a verdict of guilty and the court reiterated the sentence of the justice, except that the fine was required to be paid *instanter* instead of within two hours. The case comes up on writ of error and bill of exceptions which are entitled as above.

The charter empowers the city to bring civil suits and in its own name for violation of ordinances, but it does not assume to authorize the transformation of a case carried to judgment under criminal proceedings in the name of the people, to one bearing the style and title of a civil case in the name of the city; much less to authorize a criminal sentence in a suit the city assumes to prosecute as plaintiff and on the civil side of the court.

Upon the abstract question of who should be plaintiff, and without reference to anything else than the alteration of title in the record, it suffices to say that the suit as one by the people should have been adhered to. The change of title introduced a fatal contradiction of the record. The incongruity could not be cured by the general statute, Comp. L. ch. 190, because the provisions do not apply to such matters. It is impossible to harmonize the judgment with the case as it was proceeded in and prosecuted in the circuit court, and it must be reversed.

The other Justices concurred.