## The People v. Porter Vinton.

*Municipal corporations—Violation of ordinances—Procedure.*

82      39
s46NW    31
129     637

1. Suits commenced by complaint and warrant for the violation of village ordinances, under How. Stat. § 2839, are in the nature of criminal proceedings, and may be commenced and prosecuted in the name of the people of the State of Michigan.
2. The fact that such a suit was commenced and prosecuted. up to and including judgment in the name of the village as plaintiff,

and on an appeal by the respondent the case was docketed and prosecuted in the circuit court in the name of the people of the State of Michigan as plaintiff, cannot be allowed to defeat the ends of justice, especially where no objection is made until after an adverse verdict in the circuit court.

3. On the trial of an appeal from a conviction in justice's court for the violation of a village ordinance, the village attorney, who was not an attorney at law, authorized such an attorney to prosecute the case in the circuit court in behalf of the village, he remaining in court and supervising the case. No formal resolution of the village council authorizing such action on his part was shown, nor any interest or prejudice of the attorney so employed against the respondent. And it is held that the objection of the respondent to the appearance of such attorney was properly overruled.

Exceptions before judgment from Kent. (Burch, J.) Argued June 12, 1890. Decided July 2, 1890.

Respondent was convicted of selling intoxicating liquors in violation of a village ordinance. Conviction affirmed, and circuit court directed to proceed to judgment on the verdict. The facts are stated in the opinion.

*Eggleston & McBride,* for respondent.

*B. W. Huston,* Attorney General, and *M. H. Walker,* for the people.

[The points of counsel are fully stated in the opinion. REPORTER.]

MORSE, J. The respondent was arrested upon complaint of the village marshal of Sparta. The complaint recited that on or about June 10, 1889, and on or about July 10, same year, one Porter Vinton,—

"Not being then and there a druggist who sells liquors for chemical, scientific, medicinal, mechanical, or sacramental purposes only, did then and there, to wit, in the frame building occupied by him in said village, sell spirit-

uous and intoxicating liquors, and liquors a part of which was spirituous and intoxicating liquors, containing fermented liquors."

And that the said Porter Vinton, on the days and year aforesaid, and between such dates, at said village of Sparta, did—

"Keep and maintain a saloon in said village of Sparta for the purpose of selling the liquors aforesaid, and was then and there a saloon-keeper for the sale of spirituous and intoxicating liquors aforesaid, against and in violation of the form and provisions of an ordinance of said village entitled 'An ordinance for the suppression of saloons for the sale of spirituous and intoxicating liquors,' enacted and approved May 5, A. D. 1886, and published May 6, A. D. 1886, in such case made and provided, and contrary to the peace and dignity of the people of the State of Michigan."

The warrant followed the complaint in its description of the offense, and commanded his apprehension in the name of the people of the State of Michigan. Upon a jury trial before a justice, the respondent was found guilty, and sentenced to pay a fine of $100, and $24.67 costs, and, in default of such payment, to be confined in the county jail of Kent county until such fine and costs were paid, but not to exceed a period of 90 days. From this judgment, Vinton appealed to the circuit court, his recognizance on appeal running to the village of Sparta.

The justice returns that he docketed the case as the *Village of Sparta vs. Porter Vinton,* and sends up a transcript of his docket entries in the case. When the case came into the circuit it was docketed "*The People of the State of Michigan vs. Porter Vinton,*" and the oath administered to the jury and the witnesses was the usual oath taken in criminal cases.

Before the trial Myron H. Walker, an attorney of the court, appeared for the prosecution, whereupon respondent's counsel objected to his appearance. Said Walker

then stated that the prosecuting attorney of Kent county had told him that he had no objection to said appearance, which was corroborated by the clerk of the court. Said Walker, being sworn as to his authority, testified that the village attorney and clerk of said village had authorized him to appear for the prosecution.

"Thereupon the village attorney of the village of Sparta, to wit, Amherst B. Cheeny, Esq., who is not an attorney of this court, appeared and produced the records of proceedings of the common council of said village, showing that he was duly elected and qualified as village attorney of said village, and that his term of office had not yet expired, and that he had authorized and directed said M. H. Walker to appear herein in his stead, to prosecute said cause on behalf of said village, but that the common council of said village had not officially authorized or empowered him to do so; and the said village attorney remained in said court during said trial, supervising the same.

"Thereupon respondent, by his counsel, renewed his objection to the appearance of said Walker as prosecuting attorney in said cause, because he had not shown, nor had any showing been made, that he had been lawfully authorized to appear as such prosecutor; but the court overruled said objections, and decided that the village attorney had authority to appoint said Walker to prosecute said cause in manner aforesaid."

Respondent excepted to this ruling. The trial proceeded, resulting in the conviction of Vinton. His attorneys then moved the court in arrest of judgment, because the respondent was arrested, tried, and convicted, and recognized on appeal herein, before the justice of the peace, in a suit named " *The Village of Sparta vs. Porter Vinton*," and the judgment appealed from was pronounced by the justice in the same cause.

"And because the records, pleadings, and proceedings in this cause and court have all been entitled ' *The People vs. Porter Vinton*,' the witnesses have been produced, subpœnaed, tried, and sworn in the suit of ' *The People of the State of Michigan vs. Porter Vinton*,' and the jurors

who tried the cause in this court were impaneled and sworn to try the cause of ' *The People of the State of Michigan vs. Porter Vinton,*' and no proceedings have been had in this court in this cause, either in subpœnaing and swearing witnesses or jurors in the cause, entitled ' *The Village of Sparta vs. Porter Vinton.*'

"Because this court has no jurisdiction to proceed against the respondent in the cause entitled ' *The People of the State of Michigan vs. Porter Vinton,*' for the reason that no such cause was brought into this court by said appeal.

"Because the whole proceeding in this court in the name of the people as plaintiff is void, unless the prosecution of the violation specified may by law be in the name of the ' People' as plaintiff; and in that case there is no case brought into this court by appeal which was originally commenced, prosecuted, and proceeded to judgment in the name of ' The People' as plaintiff, and hence there was and is no basis for the proceedings had in this court."

The motion was overruled, and the case comes here on exceptions before judgment.

No objection seems to have been made in either court as to the validity of this ordinance, nor is it attacked in this Court. The village of Sparta is organized under the general laws of the State for the incorporation of villages (chapter 81, How. Stat.), and the ordinance was passed under the powers granted in section 2847, How. Stat., and found in the seventh paragraph of said section, as amended by Act. No. 52, Laws of 1883, which grants the authority "to suppress saloons for the sale of spirituous and intoxicating liquors." The ordinance prohibits the keeping or maintaining of a saloon in the village for the sale of such liquors, and provides a punishment by fine not less than $50, and not exceeding $100, and costs of prosecution, and by imprisonment in the common jail of Kent county, or any jail or work-house, not less than 10 nor more than 90 days, and, in default of the payment of the fine and costs, the offender shall stand committed

until said fine and costs are paid, but not for a longer period than 90 days.

The first error assigned is the appointment of Walker as prosecutor. It is not urged that the prosecuting attorney of the county should have managed this suit, but it is claimed that the village attorney of Sparta was not an attorney of the court, and, as he could not appear himself, he could not deputize another to appear for him. We think the objection not well taken. The person acting as village attorney, Amherst B. Cheney, was the duly-elected agent of the village as to litigation or enforcement of ordinances, and had the right to call in an attorney to assist him or to conduct the suit for him. The fact that Cheney was not an attorney of the court rendered this action necessary, and it is immaterial, so far as the issue here is concerned, whether or not the common council of the village had by resolution authorized him to do so. The record shows that Cheney was present during the trial, and supervising the case of the village. The respondent could no more object to Cheney's authority to employ Walker, under the circumstances, than a party in a civil case could object to the appearance of an attorney whom the opposite party brought into court to manage his case, as no interest or prejudice against the respondent was shown in Walker.

We do not regard the entitling of this kind of cases as of any great importance. In the prosecution of offenses against city and village ordinances by complaint and warrant, some of them come into this Court on error entitled as in *Village of Northville v. Westfall,* 75 Mich. 603, and some as in *People v. Gordon,* 81 Id. 306; and either one is proper enough where there is no provision in the charter as to the name in which the suit shall be brought.

In *Cooper v. People,* 41 Mich. 403, the charter of the city of Charlotte expressly provided that suits for the

collection of penalties for the violation of ordinances should be brought in the corporate name, " *City of Charlotte.*" In *Webster v. Lansing,* 47 Mich. 192, it was held that a case commenced in the name of the people of the State of Michigan could not be changed to a civil suit, with the city as plaintiff, on appeal to the circuit court. If the head-note is correct, that the city charter of Lansing at the time contained a provision authorizing the city to prosecute civil suits in its own name for the violation of city ordinances, the opinion filed is in conflict with *Cooper v. People, supra,* as Mr. Justice GRAVES in the *Lansing Case* holds that the people could bring suit, and that the title of the case in justice's court should have been adhered to. While it is true that these prosecutions for the violation of city or village ordinances are matters to be prosecuted by the village or city, and the people of the State of Michigan are not concerned with them, as they are not offenses against any general law of the State, yet the method of procedure in them in many cases by statute is made to conform to the proceedings in criminal cases cognizable before a justice of the peace.

It was held in a similar case to the one at bar (*Village of Northville v. Westfall, supra*) that, while the proceedings to enforce village or city ordinances have always been regarded as civil actions, yet where, under the statute, the enforcement is sought by a resort to proceedings which are carried on in all respects as criminal cases are prosecuted, by complaint and warrant, and where the court is authorized to inflict upon the offender not only the fine and imprisonment for its non-payment, but also imprisonment aside from a pecuniary fine, such proceedings become criminal in so far that a person acquitted of the charge can never be again placed in jeopardy. This penalty under the ordinance before us might have been

recovered in an action of debt or in *assumpsit* had it not been that such ordinance contained a provision for the imprisonment of the offender. How. Stat. § 2839. The same section provides that cases for violation of such ordinances may be commenced by warrant, and when so commenced the proceedings shall, as near as may be, conform to the provisions of law regulating the proceedings in criminal cases cognizable by a justice of the peace. Upon removal of the cause by appeal to the circuit court, the statute further provides that the disposition of the cause in such court shall be the same as on appeal in criminal cases cognizable by a justice of the peace. How. Stat. § 2842.

The complaint of the respondent seems to be that these statutes were more than followed, in that the case in the circuit was treated as a criminal case, docketed as a criminal case, and the oaths administered to jurors and witnesses being the same taken in criminal trials. The record shows that no objection was made before or on the trial to the treatment or docketing of the cause as a criminal one, or to the form of the oaths administered. The first objection made to such proceeding was in a motion in arrest of judgment. If the objection had been made seasonably, the case would probably have been tried and docketed as a proceeding or suit in the name of the village of Sparta, as it was in justice's court. The defendant is thus seeking to escape punishment upon a technicality. The general law as to the incorporation of villages provides that—

" Whenever a penalty shall be incurred for the violation of any ordinance, and no provision shall be made for the imprisonment of the offender upon conviction thereof, such penalty may be recovered in an action of debt or in *assumpsit.*"

But it is also provided in the same section that—

" Prosecutions for violations of the ordinances of the village may    *    *    *    be commenced by warrant for the arrest of the offender.   Such warrant shall be in the name of the people of the State of Michigan, and shall set forth the substance of the offense complained of, and be substantially of the form, and be issued upon complaint made, as provided by law in criminal cases cognizable by justices of the peace.   And the proceedings relating to the arrest and custody of the accused during the pendency of the suit, the pleadings, and all proceedings upon the trial of the cause, and in procuring the attendance and testimony of witnesses, and in the rendition of judgments and the execution thereof, shall, except as otherwise provided by this act, be governed by, and conform as nearly as may be to, the provisions of law regulating the proceedings in criminal causes cognizable by justices of the peace."   How. Stat. § 2839.

It is also provided, by section 2841, that such complaint shall contain the substantial matters required in criminal complaints, and a jury trial is provided for. The section further provides that—

" Such jury, except when other provision is made, shall consist of six persons, and in suits commenced by warrant shall be selected and summoned as in criminal cases cognizable by justices of the peace, and in suits commenced by summons as in civil cases," etc.

Section 2842 provides that—

" Any person convicted of a violation of any ordinance of the village in a suit commenced by warrant, as aforesaid, may remove the judgment and proceedings into the circuit court    *    *    *    by appeal or writ of *certiorari;* and the time for such appeal or removal, and the proceedings therefor, and the bond or security to be given thereon, and the proceedings and disposition of the cause in the circuit court, shall be the same as on appeal and *certiorari* in criminal cases cognizable by justices of the peace;   and in suits to which the village may be a party, brought to recover any penalty for such violation, either party may appeal," and like proceedings shall be had in the circuit as in civil appeal cases.

It is apparent from these provisions that suits to recover

these penalties in an action of debt or *assumpsit* would and must be commenced, tried, and appealed as civil cases, with the village of Sparta as plaintiff. But when they are commenced by complaint and warrant they take on the nature of criminal proceedings, and may be commenced and prosecuted in the name of the people of the State of Michigan. There is no complaint that the proceedings up to the time of appeal and transfer to the circuit court were not in compliance with the statute. If the cause had been docketed by the justice " *The People of the State of Michigan vs. Porter Vinton,*" the whole proceedings would have been perfect and lawful. The fact that it was docketed " *The Village of Sparta vs. Porter Vinton*" is a mere technicality. Everything, but this docketing at the head of the entries, complaint, warrant, trial, and judgment, was as in a criminal case. This technical mistake or defect cannot be allowed to defeat the ends of justice, especially where no objection is made until after verdict. The case will be treated as one commenced and prosecuted from the beginning in the name of the people of the State of Michigan.

The conviction is affirmed, and the circuit court will proceed to judgment on the verdict.

The other Justices concurred.