STATE OF IOWA, Appellant, v. GEORGE W. WILSON.

Information in Name of State: VIOLATION OF ORDINANCE. Under special charter of Cedar Rapids (Laws Extra Session, Fifth Gen-

eral Assembly, chapter 16, section 34,) providing that proceedings for the violation of ordinances may be by information in the name of the state, etc., an information for the violation of an ordinance of said city, entitled in the name of the state instead of the city, is good.

*Appeal from Linn District Court.*—HON. WILLIAM G. THOMPSON, Judge.

WEDNESDAY, OCTOBER 4, 1899.

DEFENDANT was charged by information filed in the superior court with a violation of an ordinance of the city of Cedar Rapids. Upon the trial he was found guilty, and from a judgment imposing a fine he appealed to the district court. In the latter court, he, with leave of the court, filed a demurrer to the information, the principal ground of which was that the prosecution was in the name of the state, and that the information for this reason was defective and invalid. The demurrer was sustained. The prosecution asked leave to amend the information by inserting the name of the city instead of that of the state. This was refused, and from a judgment dismissing the complaint and discharging the defendant this appeal was taken.—*Reversed.*

*John N. Hughes* for appellant.

*Rickel & Crocker* for the State.

WATERMAN, J.—Counsel for defendant have filed no argument in this court, and we are without means of knowing their position further than it appears in the general statement of the demurrer. Was this process properly entitled? This is the question to be determined. The style of criminal process is purely matter of form. *State v. King,* 37 Iowa, 462-468. In the absence of any constitutional requirement the general asssembly may prescribe such style as it sees fit, and prosecutions may be conducted thereunder. Section 8, article 5, of the constitution provides: "The style of all

process shall be 'The State of Iowa' and all prosecutions shall be conducted in the name and by the authority of the same." Notwithstanding this provision, we have held that a prosecution for violation of a city ordinance may be in the name of the city, where the charter of the city so provides.  *City of Davenport v. Bird,* 34 Iowa, 524.   While some language is used in the opinion in this case tending to indicate that in every case of violation of a municipal ordinance the prosecution should proceed in the name of the city, we must consider what is said with reference to the facts involved, and the record shows that the charter of the city of Davenport in express terms required prosecutions to be conducted in the name of the city.   The general rule is that, where the mode of enforcing an ordinance is prescribed by charter, that mode must be pursued.   Dillon Municipal Corporations (3d ed), section 408.  We do not see why this does not include matters of form as well as matters of substance.   Turning now to the special charter of the city of Cedar Rapids, which constitutes chapter 16 of the Laws of the Extra Session of the Fifth General Assembly, we find that section 34 thereof provides: "Proceedings for the violation of city ordinances may also be by information, * * * process running in the name of the state, and the defendant may be informed of, arrested and tried as in criminal proceedings before justices of the peace."   Here is direct authority for conducting the prosecution in the name of the state.   That there is no substantial reason against this method of procedure, see *People v. Vinton,* 82 Mich. 39 (46 N. W. Rep. 31) ; *State v. Robulshek,* 60 Minn. 123 (61 N. W. Rep. 1023) ; *State v. King,* cited above.  We conclude that the information was properly entitled in the name of the state.—REVERSED.