## PORTLAND *v.* ERICKSON.

[62 Pac. 753.]

JEOPARDY—VIOLATION OF ORDINANCE AS A CRIMINAL OFFENSE.*

1. Where an accused is proceeded against by a complaint and warrant, and the court is authorized to inflict the punishment of imprisonment, the proceeding is criminal in the sense that the accused can not be jeopardized twice for the same offense, whether the proceeding be by the state or a municipality.

RIGHT OF PROSECUTION TO REVIEW A VERDICT OF ACQUITTAL.†

2. Unless the statute expressly confers it, no appeal or writ of review can be taken by the prosecution from a judgment of acquittal in any court, either state or municipal; and this right is not conferred by Section 583, Hill's Ann. Laws, providing that "any party to any process or proceeding before or by an inferior court, officer, or tribunal may have the decision or determination thereof reviewed."

RIGHT TO WRIT OF REVIEW BY PROSECUTION.

3. Section 1430 of Hill's Ann. Laws, giving the state the right to appeal from a judgment sustaining a demurrer to an indictment, and from an order arresting a judgment, does not apply to criminal proceedings in any courts where the Justices' Code prevails, as in the municipal court of the City of Portland, for in those courts Section 2161 of Hill's Ann. Laws expressly limits the right of appeal to the defendant.

## From Multnomah : MELVIN C. GEORGE, Judge.

*NOTE.—See *State* v. *Robitshek*, 33 L. R. A. 33, for note, How far Proceedings for Violations of Ordinances are to be Regarded as Prosecutions, and also, *Ex parte Fagg*, 40 L. R. A. 212.—REPORTER.

†NOTE.—For an extended note, Right of State to Appeal in Criminal Cases, see *People ex rel.* v. *Miner*, 19 L. R. A. 342, and *People* v. *Raymond*, 19 L. R. A. 649; also, read note, Jeopardy—Appeal by the State After Acquittal: *State* v. *Lee*, 48 Am. St. Rep. 202, 27 L. R. A. 498.—REPORTER.

Criminal action by the City of Portland against August Erickson. From a judgment of the circuit court on a writ of review setting aside a judgment of acquittal by the municipal court, defendant appeals.

REVERSED.

For appellant there was a brief over the name of *Pipes & Tifft*, with an oral argument by *Mr. Martin Luther Pipes*.

For respondent there was an oral argument by *Mr. Ralph R. Duniway*, with a brief over the names of *J. M. Long*, City Attorney, and *R. R. Duniway*.

A prosecution for a violation of a municipal ordinance is not such a criminal action that the constitution of the state prevents the city from having a writ to review the wrongful discharge of the defendant by the municipal court, where the record shows that the municipal court exceeded its jurisdiction in so discharging the defendant, and the facts are undisputed and appear upon the face of the record : *Wing* v. *Astoria*, 13 Or. 538 (11 Pac. 295) ; *Seattle* v. *Pearson*, 15 Wash. 578 ; *Cross* v. *People*, 8 Mich. 113 ; *People* v. *Walsh*, 67 How. Prac. 482 ; *People* v. *Knoxon*, 40 Ill. 30 ; 1 Dillon, Mun. Corp. (4 ed.), §§ 411, 925–928.

ON PETITION FOR REHEARING.

We respectfully submit that the court was in error in holding that the prosecution for the violation of a municipal regulation is a criminal offense within the meaning of the Constitution of Oregon. The constitution provides in Article IV, § 23, that the legislative assembly shall not pass local or special laws for the punishment of crimes and misdemeanors ; in Article XI, § 2, that municipal corporations may be created by special law ; and

in Article VII, § 1, that municipal courts may be created to administer the regulations of incorporated towns and cities. Municipal charters are local and special laws within the meaning of the constitution. This leads to the unavoidable conclusion that the legislature can not give power to municipal corporations through their charters to create crimes and misdemeanors, unless the legislature can authorize a city to do what it can not itself do. This court has already decided that a municipal corporation can not make the violation of a municipal ordinance a crime or misdemeanor: *Portland* v. *Schmidt*, 13 Or. pp. 17, 25, 26 (6 Pac. 221). This is the law and the rule on the subject of former jeopardy does not apply to prevent the city from taking a writ of review: 1 Bishop, Crim. Law, §§ 990–992.

If the original opinion herein is adhered to then we urge the court to hold that the legislature can not authorize a municipal corporation to make a violation of its ordinance a criminal offense punishable by imprisonment, and to hold that the provision of the city ordinance in regard to imprisonment as a punishment is void, and the proceeding is civil. This can be done under the following authorities: *State* v. *Wiley*, 4 Or. 185; Bishop, Stat. Cr. 534; *Crawford* v. *Linn County*, 11 Or. 482, 495 (5 Pac. 738); *Papuntti* v. *Fitzgerald*, 106 Ga. 378; *Ex parte Fagg*, 38 Tex. Crim. Rep. 573 (40 L. R. A. 212); 17 Am. & Eng. Ency. Law (1 ed.), 256; *Greenfield* v. *Cook*, 12 Ill. App. 281; *Keokuk* v. *Dressel*, 47 Iowa, 597; Cooley, Const. Lim. (6 ed.), pp. 210, 211. It is impossible to logically decide that a violation of a municipal regulation punishable by imprisonment is a criminal offense within the meaning of the constitution for one purpose and not decide that it is so for all purposes.

The case of *Wong* v. *Astoria*, 13 Or. 538 (11 Pac. 295), has been the law of this state for many years and should

control here.   In that case the proceeding was declared
to be a civil one, although the city ordinance prescribed
imprisonment as a punishment, and the offense was pun-
ishable by imprisonment under both the common law
and the general law of the state : *Greely* v. *Hammon,* 12
Colo. 94 ;   *Durango* v. *Reinsberg,* 16 Colo. 327 ;   *McIn-
erney* v. *Denver,* 17 Colo. 302 ;   *Chafin* v. *Waukesha,* 62
Wis. 463 ;   *Plateville* v. *Bell,* 42 Wis. 488 ;   *Ex parte Holl-
wedell,* 74 Mo. 395, 400 ;   *Baldwin* v. *Chicago,* 68 Ill. 418;
*Floyd* v. *Eatonton,* 14 Ga. 354 (58 Am. Dec. 559) ;   *Greens-
burg* v. *Coonin,* 58 Ind. 518 ;   *Monroe* v. *Mener,* 35 La.
Ann. 1193 ;   *Withers* v. *State,* 36 Ala. 252, 261 ;   *Camden*
v. *Bleck,* 65 Ala. 237, 341 ;   *State* v. *Topeka,* 36 Kan. 76,
87 (59 Am. Rep. 529); *State* v. *Lee,* 29 Minn. 485 ;   *Kirk-
wood* v. *Autenseith,* 11 Mo. App. 515 ;   *City* v. *Brenan,* 44
Mo. App. 146 ;   *State* v. *Robitshek,* 60 Minn. 123 (33 L.
R. A. 33) ;   *Greenfield* v. *Mook,* 12 Ill. App. 281 ;   *Knowles*
v. *Wayne City,* 31 Ill. App. 471, 475 ;   8 Am. & Eng. Ency.
Law (2 ed.), p. 252 ;   15 Ency. Pl. & Pr. 413–415, 445 ;
17 Am. & Eng. Ency. Law (1 ed.), p. 260.

   We ask especial attention to the Michigan cases which
hold that these proceedings are civil unless the act is
also punishable under some state law, in which cases
the act is considered as criminal.   The Michigan courts
do not regard the question of imprisonment as a punish-
ment as a matter of prime importance :   *People* v. *Jack-
son,* 8 Mich. 110 ;   *Mixer* v. *Manistee County,* 26 Mich. 186,
190 ;   *Cooper* v. *People,* 41 Mich. 403, 404 ;   *Grand Rapids*
v. *Roberts,* 48 Mich. 198 ;   *Vicksburg* v. *Briggs,* 85 Mich.
502, 508 ;   *Wayne* v. *Detroit,* 17 Mich. 390, 400.

   The court is in error in deciding that if an appeal will
not lie neither will a writ of review, unless expressly
given by the legislature, for it has already been held in
this state that if an appeal will not lie from a municipal
court a writ of review will lie :   *Town of Lafayette* v. *Clark,*

9 Or. 225, 226 ; *Wong* v. *Astoria,* 13 Or. 538 (11 Pac. 295);
*Barton* v. *LaGrande,* 17 Or. 577, 578, 580 (22 Pac. 111) ;
*Cunningham* v. *Berry,* 17 Or. 622 (22 Pac. 115); *Hill* v.
*State,* 23 Or. 446, 447 (32 Pac. 160.)

The statutory writ of review in Oregon is similar to
the common law writ of *certiorari:* 1 Hill's Ann. Laws,
§ 582 ; *Garnsey* v. *County Court,* 33 Or. 201 (54 Pac. 1089.)

Such a writ lies at common law and lies now, unless
expressly denied by statute (Dillon, Mun. Corp. (3 ed.),
§§ 440, 925, 929 ; 17 Am. & Eng. Ency. of Law (1 ed.),
269 ; 4 Ency. Pl. & Pr. pp. 73, 87 ; 7 Ency. Pl. & Pr. pp.
820, 821, and notes ; *Ridgway* v. *Hinton,* 25 W. Va. 554.
The decision in the case at bar makes the municipal court
a supreme court.    Such decision does violence to the pro-
visions of the Oregon Constitution, and refuses to apply
in this case what has heretofore been the settled law in
regard to the right of superior courts to review acts of
inferior courts.

The supreme court has erred in this case in confusing
the right of appeal and the right to a writ of error, with
the right to a writ of *certiorari* or writ of review.    As
pointed out by the Supreme Court of Oregon in *Garnsey*
v. *County Court,* 33 Or. 201, 206 (54 Pac. 1089), the writ
of review lies when no appeal or writ of error is provided.
Under our present statute the writ will lie even though
an appeal is granted.    It will also lie when an appeal is
not granted : *Ridgway* v. *Hinton,* 25 W. V. 554.    See also
*Hill* v. *State,* 23 Or. 446, 447 ; 7 Ency. Pl. & Pr. pp. 820,
821 ; 4 Ency. Pl. & Pr. 9, for an exhaustive discussion of
entire subject.

MR. JUSTICE WOLVERTON delivered the opinion.

1.    This is an appeal from the judgment of the circuit
court upon a writ of review to the municipal court of the
City of Portland, whereby a judgment of acquittal in

favor of the defendant upon a charge of violating Ordinance No. 7133 of said city was reversed and set aside, and the cause remanded, with directions to the municipal court to adjudge that he be fined or imprisoned under said ordinance. The facts were essentially stipulated in the municipal court, and upon these the defendant was adjudged not guilty. It is alleged in the petition for the writ that the judgment was so rendered because the court was of the opinion that the ordinance under which the prosecution was instituted was void for want of power or authority in the city, under its charter, to adopt it. Whether this is so or not, can not affect the case, under the view we entertain of the proceeding. The defendant contends that, having been acquitted, he could not be again legally tried for the same offense, and that the action of the circuit court in ordering the cause to be remanded to the municipal court, with directions that he be adjudged to pay a fine, or that he be imprisoned, was in effect a retrial. This brings up the question whether the violation of the ordinance with which the defendant is charged is an offense, within the inhibition of the state constitution (Article I, § 12), which provides that "no person shall be put in jeopardy twice for the same offense." This court held in *Wong* v. *City of Astoria,* 13 Or. 538 (11 Pac. 295), a case under a city ordinance, whereby the defendant was sentenced to pay a fine, and to be imprisoned in default of payment, that such an action was not a criminal prosecution, within the meaning of the state constitution, Article I, § 11, which accords to the accused the right of trial by jury. The holding is, however, by no means decisive of the present controversy. That decision was based upon the idea, promulgated in some other jurisdictions, that the proceeding must be regarded as a civil action for the recovery of a fine, penalty, or forfeiture. While this may be proper and regular, yet

where, under the statute and ordinances, enforcement is sought by resort to proceedings authorized and carried on in all respects as criminal cases are prosecuted—by complaint and warrant—and where the court is empowered to inflict upon the accused not only a fine, which may be followed by imprisonment for its nonpayment, but also imprisonment aside from any pecuniary penalty or forfeiture, such proceeding becomes so far criminal in its nature, and the violation of the ordinance such an offense, that a person acquitted thereof can not be again put in jeopardy for the same offense : *Village of Northville* v. *Westfall*, 75 Mich. 603 (42 N. W. 1068); *People* v. *Vinton*. 82 Mich. 39 (46 N. W. 31).

Ordinance No. 7133, under which the complaint is preferred, empowers the municipal court to impose a fine upon the offender of not less than $25 nor more than $100, or to imprison him for a term of not less than ten nor more than forty days, and to cancel any license he may have to engage in business under the ordinance. Now, while the civil action may extend to an enforcement of the fine and forfeiture, yet, when the court is authorized to go beyond this, and imprison the accused, without affording an opportunity to discharge the judgment by pecuniary recompense, then there is the creation of such an offense as comes within the inhibition of the constitution. By section 62 of the city charter the municipal court is given "jurisdiction of all crimes defined by ordinances of the City of Portland, and of all actions brought to enforce or recover any forfeiture or penalty declared or given by any such ordinance ;" and by section 65 it is provided that "all proceedings before the court or judge thereof, including all proceedings for the violation of any city ordinance, are governed and regulated by the general laws of the state applicable to the justices of the peace, or justices' courts in like or similar cases, except

as in this act otherwise provided." The procedure in
the Justices' Code is by complaint, which is deemed an
indictment, and by warrant for the arrest and detention
of the accused until tried : Hill's Ann. Laws, §§ 2132–
2135, inclusive. Under the charter, this becomes the
procedure for the municipal court (*Ex parte McGee*, 33
Or. 165, 54 Pac. 1091), so that we have here the precise
conditions upon which *Village of Northville* v. *Westfall*, 75
Mich. 603 (42 N. W. 1068), and *People* v. *Vinton*, 82 Mich.
39 (46 N. W. 31), are founded ; and we are disposed to fol-
low them, as they extend the protection of the constitution
to all cases affecting the life, limb, or liberty of the person,
according to its true intendment. It was "founded,"
says Mr. Justice NISBET in *State* v. *Jones*, 7 Ga. 422, "in
the humanity of the law, and in a jealous watchfulness
over the rights of the citizen when brought in unequal
contest with the state."

2.   Having concluded that the violation of such an
ordinance constitutes an offense within the meaning of
the constitution, there exists a fatal objection, which is
also urged, to the city prosecuting the writ of review to
the circuit court. The Justices' Code, which is made
the procedure for the municipal court, in so far as it con-
cerns a violation of the ordinances of the city, provides
that "an appeal can only be taken by the defendant,"
(Hill's Ann. Laws, § 2161,) thus depriving the state or
the city of the right of appeal; and, if an appeal will
not lie, neither will a writ of review, unless expressly
given by the legislature. True, the statute providing
for the writ is general in its terms, as witness the read-
ing that "any party to any process or proceeding before
or by an inferior court, officer, or tribunal may have the
decision or determination thereof reviewed ": Hill's Ann.
Laws, § 583. But this has never been construed as giv-

ing the state the right to review any proceeding in a criminal action. In *United States* v. *Sanges,* 144 U. S. 310, (12 Sup. Ct. 609,) Mr. Justice GRAY asserts that "From the time of Lord Hale to that of *Chadwick's Case,* just cited, the text-books, with hardly an exception, either assume or assert that the defendant or his representative is the only party who can have either a new trial or writ of error in a criminal case, and that a judgment in his favor is final and conclusive.    *    *    *    But," he continues, "whatever may have been or may be the law of England upon that question, it is settled by an overwhelming weight of American authority that the state has no right to sue out a writ of error upon a judgment in favor of the defendant in a criminal case, except under and in accordance with the express statutes, whether that judgment was rendered upon a verdict of acquittal, or upon the determination by the court of a question of law." The federal statute under discussion in that case was quite as general as our own allowing the writ of review. It provides that "appeals or writs of error may be taken from the district courts or from the existing circuit courts direct to the supreme court,    *    *    *    in any case that involves the construction or application of the Constitution of the United States "; and yet it was determined that the writ of error does not lie in behalf of the United States in a criminal case which involves a construction of the constitution.

3.    There is a distinction, of course, between a writ of error and a writ of review, but the remedy afforded by the former is in the nature of that given by the latter (4 Ency. Pl. & Pr. 9), and for the purposes of this case they are essentially the same.    Further on in his opinion the learned justice says : " In either case [whether judgment has been rendered upon the verdict of acquittal or

upon a determination by the court of an issue of law]
the defendant, having been once put upon his trial and
discharged by the court, is not to be again vexed for the
same cause, unless the legislature, acting within its con-
stitutional authority, has made express provision for a
review of the judgment at the instance of the govern-
ment." Our criminal statute has provided for an appeal
by the state from a judgment for the defendant on a
demurrer to the indictment, and from an order of the
court arresting the judgment : Hill's Ann. Laws, § 1430.
But this does not extend to an appeal from a justice's
court. There " an appeal can only be taken by the
defendant": Hill's Ann. Laws, § 2161. Indeed, a statute
giving the right of appeal to the state from an acquittal
after trial for a criminal offense, regardless of the mag-
nitude of the crime, would be unconstitutional, as within
the inhibition against a second jeopardy for the same
offense : *People ex rel.* v. *Miner*, 144 Ill. 308 (19 L. R. A.
342, 33 N. E. 40). In a footnote to that case the learned
author of these valuable reports says : " It may be stated
as a general rule that in criminal cases errors are not sub-
ject to revision at the instance of the state." So it was
held in *Village of Northville* v. *Westfall*, 75 Mich. 603 (42
N. W. 1068), proceeding upon like principle, that the
acquittal of a defendant, prosecuted by complaint and
warrant, as in a criminal proceeding, before a justice of
the peace, for the violation of a village ordinance, is
beyond the reach of any process by review. These
authorities are decisive against the city's right to pros-
ecute a writ of review in such cases, and, this being so,
the circuit court was without jurisdiction in the case at
bar, and should have quashed the writ upon the defend-
ant's motion interposed for the purpose. The judgment
of the court below will therefore be reversed, and the
cause remanded, with directions to dismiss the writ.

REVERSED.