HOSNER v. VILLAGE OF LEONARD.

MUNICIPAL CORPORATIONS—VILLAGES—PRESIDENT — EMPLOYMENT OF ATTORNEY.

Section 2727, 1 Comp. Laws, requiring the president of a village to see that the laws relating to the village and the ordinances and regulations of the council are enforced, confers authority on the president to employ an attorney to prosecute the violation of an ordinance, in the absence of any action of the village council providing for the employment of an attorney.

Error to Oakland; Smith, J. Submitted June 28, 1910. (Docket No. 156.) Decided September 28, 1910.

Assumpsit by William T. Hosner against the village of Leonard for services rendered. A judgment for plaintiff is reviewed by defendant on writ of error. Affirmed.

*K. P. Rockwell* and *H. M. Zimmermann,* for appellant.

*George O. Kinsman* and *William T. Hosner,* for appellee.

BLAIR, J. Plaintiff brought suit to recover, upon the *quantum meruit,* for his services as an attorney at law in prosecuting one Schnider in justice's court and, on appeal, in the circuit court, for an alleged violation of an ordinance of the defendant. See *Schnider* v. *Montross,* 158 Mich. 263 (122 N. W. 534). Plaintiff was employed by the president of the village with the consent of a majority of the trustees, but without any formal action of the council. After the trial in justice's court, which resulted in a conviction, plaintiff sent in his bill, which the council did not allow. After the trial in the circuit court, which resulted in the acquittal of the respondent, plaintiff sent in his bill for the entire service, which was disallowed.

Appellant contended in the lower court that, as there was no official employment of plaintiff by the council, he could not recover. Plaintiff contended that if the jury should find, as the evidence tended to show, that all the members of the council knew of plaintiff's employment by the president, that he was performing the services, relying upon the village paying for them, and gave him no notice that they would not recognize such services as creating any obligation on the part of the village, the village would be estopped to question its liability. The case was submitted to the jury on plaintiff's theory, and a verdict returned for plaintiff. Defendant brings the case to this court for review upon writ of error.

We do not deem it necessary to discuss the various assignments of error, since, in the view we take of the case, the plaintiff was entitled to an instructed verdict. Section 2727, 1 Comp. Laws, makes it the duty of the president to "see that the laws relating to the village and the ordinances and regulations of the council are enforced." Section 2761 provides that prosecutions for violations of ordinances may be commenced by warrant, and that the proceedings thereon shall be substantially the same as in criminal cases. In view of the serious effect of such proceedings upon the accused, his right to a speedy trial, the necessity for legal advice upon the part of the president to enable him to discharge his duty, and of the employment of a lawyer to conduct the prosecution, we are of the opinion that, in the absence of any action on the part of the council providing for such employment, the section quoted confers upon the president the required authority. See *People* v. *Vinton*, 82 Mich. 39 (46 N. W. 31).

The judgment is affirmed.

BIRD, C. J., and OSTRANDER, MOORE, and BROOKE, JJ., concurred.