THE VILLAGE OF NORTHVILLE v. OLIVER WESTFALL.

*Criminal law—Violation of municipal ordinance—Right of appeal.*

75  603
82   44

75    603
s42NW1068
129   637

The acquittal of a defendant, prosecuted by complaint and warrant as in a criminal proceeding, for the violation of a village ordinance, pursuant to the general law of this State for the incorporation of villages, is beyond reach by any process of review.

Error to Wayne. (Brevoort, J.) Argued June 5, 1888. Decided July 11, 1889.

Defendant was prosecuted for the violation of a village ordinance, and acquitted. Plaintiff brings error. Acquittal held a bar to any process of review. The facts are stated in the opinion.

*H. E. Spalding (C. I. Walker, of counsel), for appellant.*

*Samuel W. Burroughs, for defendant.*

LONG, J. The defendant was arrested, tried, and convicted on September 20, 1887, before a justice of the peace and a jury, upon a complaint and warrant charging him with unlawfully keeping and maintaining a saloon in said village of Northville, and with having, on August 10, 1887, sold intoxicating liquors to divers persons there, in violation of ordinance No. 29, relating to the suppression of saloons. The ordinance referred to provides—

"That on and after the first day of May, A. D. 1887, all saloons for the sale of spirituous and intoxicating liquors in the village of Northville shall be prohibited and suppressed; that any person who shall keep or open a saloon for the sale of spirituous or intoxicating liquors shall be guilty of a misdemeanor, and shall be punishable by a fine of not less than twenty-five dollars, nor more than one hundred dollars, or by imprisonment of not less than ten days, nor more than ninety days, or by both such fine and imprisonment, in the discretion of the court, together with the costs of prosecution for such violation of the ordinance:

*Provided*, that, should any offender fail to pay such fine or penalty as may be imposed, such person may be imprisoned for any time, not to exceed ninety days, unless payment thereof sooner be made."

Upon conviction the justice adjudged the defendant should pay a fine of $35 and the costs of prosecution, by four o'clock in the afternoon of September 21, 1887, and in default thereof be imprisoned in the Detroit House of Correction for the term of 30 days, unless such fine and costs were sooner paid. From this conviction and judgment the defendant appealed to the circuit court for Wayne county.

On the trial in the circuit court it appeared that the defendant kept and maintained a saloon in said village on the day set out in the complaint and warrant, and that he did on that day sell spirituous and intoxicating liquors to various persons.

On the part of defendant it was claimed, and the court permitted the facts to be shown, that the defendant, before the time of such sales, made and executed the bond required by the statutes of the State of persons engaging in the sale of intoxicating liquors, in the penalty of $6,000, with two sufficient sureties, and presented the same to the village council for approval, but that the council refused to approve such bond for the sole reason that the ordinance prohibited the sale of liquors in the village. Upon the bond being presented to the council for approval, the village clerk was directed to and did indorse thereon the following:

"At a regular meeting of the village council held Tuesday evening, May 24, 1887, a motion prevailed that the within bond be rejected, on the ground that there is an ordinance that prohibits and suppresses the sale of liquors in saloons in said village," etc.

It also appeared that on May 2, 1887, the defendant paid to the county treasurer of Wayne county $300, the amount of the tax required under the provisions of the statute, of all persons engaging in the sale of spirituous and intoxicating liquors, and that thereafter such moneys were paid by the county treasurer over to the village of Northville.

Upon the close of the testimony the village, by its counsel, requested the court to instruct the jury as follows:

"If the jury believe the evidence on behalf of the prosecution, they must find the defendant guilty."

This request the court refused to give, but stated to the jury that he left the whole case to them, under the circumstances, as a question of fact, to say whether the defendant was guilty or not, but stating to counsel, in presence of the jury, that, if he had been requested by counsel for the defendant, he would not let the case go to the jury.

The contention of the counsel for the defendant, first, is that the ordinance is invalid, as its effect is to suspend the operation of the State law, giving every person the right to sell liquors upon payment of the tax and giving the requisite bond. From the view we take of the case upon the acquittal, this question does not become important, and we therefore express no opinion upon that branch of the case.

Under the general act for the incorporation of villages, however, as amended in 1883 (Act No. 52, Laws of 1883), every village subject to the provisions of the act, in addition to the other powers conferred, is empowered—

"To suppress saloons for the sale of spirituous and intoxicating liquors."

This is an amendment of Act No. 62 of the Laws of 1875,

granting and defining the powers and duties of incorporated villages. This act was amended by Act No. 245, Laws of 1879. Section 2, chap. 6, of this act, provides:

" When, by the provisions of this act, the council of any village has authority to pass ordinances for any purpose, they may prescribe fines, penalties, and forfeitures not exceeding one hundred dollars, unless a greater fine or penalty is herein authorized, or imprisonment not exceeding ninety days, or both, in the discretion of the court, together with the costs of the prosecution, for each violation of any of said ordinances, and may provide that the offender, on failing to pay such fine, penalty, or forfeiture, and the costs of prosecution, may be imprisoned for any time not exceeding ninety days, unless payment thereof be sooner made, and also that the offender be kept at labor during such imprisonment. Such fine, penalty, or forfeiture and imprisonment, for the violation of any ordinance, shall be prescribed in the ordinance; and, if imprisonment be adjudged in any case, it may be in the village prison, or in the county jail of the county in which the village is located, or in any other place of confinement provided by the village for such purpose, in the discretion of the court."

Section 7 of the act provides:

" Whenever a penalty shall be incurred for the violation of any ordinance, and no provision shall be made for the imprisonment of the offender upon conviction thereof, such penalty may be recovered in an action of debt or in assumpsit."

It is also provided by this section that prosecutions, except as against corporations, be commenced by warrant, and that proceedings relating to the arrest and custody of the accused during the pendency of the suit, and the pleadings and all proceedings upon the trial of the cause, and in procuring the attendance and testimony of witnesses, and in the rendition of judgments, and the execution thereof, except as otherwise provided by the act, be governed by and conform as nearly as may be to the provisions of law regulating the proceedings in criminal causes cognizable by justices of the peace.

It is provided that in suits commenced by warrant the jury, which is provided for in the act, shall be selected and

summoned as in criminal cases cognizable by justices of the peace. The warrant shall be in the name of the people of the State of Michigan, and set forth the substance of the offense complained of, and be substantially of the form, and be issued upon complaint made, as provided by law in criminal cases cognizable by justices of the peace.

The proceedings in this case were had in substantial compliance with the provisions of these acts.

The only remedy at the common law for the recovery of penalties attached to a violation of municipal ordinances was an action in the nature of debt, and by section 7 of this act such action is preserved when no provision is made for the imprisonment of the offender upon conviction. In the present case the statute provides for such imprisonment as for a misdemeanor. The punishment is by fine or imprisonment, or both, in the discretion of the court.

The only means provided for the enforcement of the ordinance is by complaint and warrant as in criminal cases cognizable by justices of the peace, and the punishment prescribed by the ordinance, upon conviction, is fine or imprisonment, or both, in the discretion of the court. The defendant was acquitted upon a trial on the merits in the circuit court.

There can be no doubt that in an action authorized to be commenced by summons or by civil warrant for the collection of penalties, and which is so prosecuted, in the nature of an action for debt, the case would be entirely a civil action, and the municipality as well as the defendant would be entitled to all the rights of appeal and retrial, as other parties in civil actions. But the prosecution in the present case has proceeded entirely by complaint and warrant as in criminal cases, and upon which the defendant was arrested, and by the provisions of the ordinance, and the statute under which the prosecution was had, could have been imprisoned in the common jail of the county for a term not exceeding 90 days.

It is claimed that imprisonment in such cases is not by way

of punishment as for a crime or misdemeanor, but simply for the enforcement of the penalty. Yet the statute authorizes and the ordinance provides for imprisonment as well as fine, or both, in the discretion of the court; and upon a conviction the offender may suffer as long a term of imprisonment, as well as adjudged to pay a fine, as in any case of misdemeanor cognizable by a justice of the peace that is criminal in its nature.

It is true that the proceedings for the enforcement of ordinances have always been regarded as civil actions, but where, under the statute, the enforcement is sought by a resort to proceedings which are carried forward in all respects as criminal cases are prosecuted, by complaint and warrant, and where the court is authorized to inflict upon the offender not only the fine, and imprisonment for its non-payment, but also imprisonment aside from a pecuniary fine, I have no doubt that upon a trial on the merits the offender has been as much in jeopardy, within the meaning of that term, as though the proceedings were strictly criminal.

The doctrine is older than our constitutions, that—

"No man is to be brought into jeopardy of his life more than once for the same offense."

The Constitution of the United States provides that—

"No person shall be subject for the same offense to be twice put in jeopardy of life or limb."

This doctrine has been applied by the courts to misdemeanors as well as to felonies. This doctrine has not been applied to actions brought for the recovery of penalties, where such actions are civil in form. But I am not aware of any ruling by the courts in this country holding that this maxim is not applicable to all cases where one may be deprived of his liberty in an action, though for the enforcement of penalties and forfeitures, prosecuted in the form of criminal causes, and where the punishment to be inflicted is imprisonment as

well as a fine, in the discretion of the court. If this doctrine is not to be upheld, then it must necessarily follow that in all prosecutions for the enforcement of penalties and forfeitures the court has no power to imprison, except as an alternative for non-payment of the fine imposed.

Section 29, Art. 6, of the Constitution of this State, provides that—

"No person, after acquittal upon the merits, shall be tried for the same offense."

The defendant has been tried for an offense in a proceeding prosecuted in all respects like a criminal cause, and under an ordinance providing for an imprisonment, not only for non-payment of a fine, but imprisonment in the discretion of the court, without regard to the fine.

In municipal government, no less than in more general government, it is the power of the State that acts upon the citizen. The State herself, in her own direct prosecutions, is prohibited by this clause in the Constitution from harrassing the citizen after an acquittal upon the merits, and it cannot be said that the State can delegate a greater power than she herself possesses, and no such thing is attempted by this statute.

It cannot matter, so far as the rights of the village are concerned, how the acquittal of the defendant was procured; whether upon a fair submission of the case to the jury, or by the direction of the court; the facts appear that there has been a trial of the case upon the merits.

An acquittal was procured, and municipalities as well as the State must acquiesce in judgments of discharge rendered upon verdicts found in a trial upon the merits, under such powers as are conferred by this statute. No new trial can be granted.

SHERWOOD, C. J., CHAMPLIN and MORSE, JJ., concurred.

75 MICH.—39.

CAMPBELL, J.   The village of Northville prosecuted defendant under an ordinance against saloon keeping, not in civil form to recover a pecuniary penalty, but on the claim that he might be subjected to punishment, and the justice before whom he was tried gave judgment involving a fine and imprisonment.   Upon appeal to the circuit court, defendant was acquitted by a jury.   The village has undertaken to bring the case here for review.   Defendant claims the acquittal was final.   If this is so, there is no case here calling for any further discussion.

The statute under which the village prosecuted provides that where a prosecution of this sort is attempted it shall be in accordance with criminal proceedings before justices of the peace, and must conform to them.   This course, whether legally objectionable or not, was adopted.   It necessarily follows that appellate proceedings to review the matters thus prosecuted must conform also.   There is no right of appeal given to the prosecutor after acquittal in any criminal case, and, as this case has adopted the criminal methods of accusation and trial, it must be governed by the same rules, and the acquittal must be held beyond reach by any process of review. It would therefore be useless to consider questions which on this record we cannot decide, and which, if we could decide them, involve many inquiries that would require much consideration and thorough discussion that in the present case would be theoretical and unsatisfactory.

The proceedings cannot be disturbed, and the judgment of acquittal should be affirmed, with costs.