STEWART *v.* HART.

MUNICIPAL CORPORATIONS—ORDINANCES — VIOLATIONS — HEALTH —
SENTENCES—FEMALE PRISONER—FALSE IMPRISONMENT.
    In an action for false imprisonment of plaintiff, a woman,
    by defendants, a justice of the peace who sentenced her
    and the sheriff who executed the sentence, for violation of
    a municipal health ordinance prescribing a fine or im-
    prisonment for a violation thereof, promulgated under
    1 Comp. Laws, § 3131 (2 How. Stat. [2d Ed.] §
    5653, 1 Comp. Laws 1915, § 3045), authorizing the mu-
    nicipality to prescribe penalties for violation of any law,
    rule or regulation made by its board of health or any
    officer thereof and 2 Comp. Laws §§ 4412, 4459 (2 How.
    Stat. [2d Ed.] §§ 3109, 3155, 1 Comp. Laws 1915, §§ 5043,
    5090), declaring any such violation to be a misdemeanor,
    *held,* that such proceeding against plaintiff was not civil
    process within 3 Comp. Laws, § 10342 (5 How. Stat. [2d
    Ed.] § 13043, 3 Comp. Laws 1915, § 12445), exempting a
    female from imprisonment on any process in any civil
    action.

Error to Calhoun; North, J. Submitted October
24, 1916. (Docket No. 66.) Decided May 31, 1917.

Case by Anna Stewart against Allen D. Hart and
La Verne Fonda for false imprisonment. Judgment
for defendants on a directed verdict. Plaintiff brings
error. Affirmed.

*J. M. Hatch & Son,* for appellant.

*John W. Bailey* and *Howard W. Cavanaugh,* for
appellee Hart.

*Robert H. Kirschman,* for appellee Fonda.

BIRD, J. Plaintiff was convicted of a violation of
an ordinance of the city of Battle Creek and sentenced
to ten days in the county jail. After serving her sen-

tence she sued defendant Hart, the justice of the peace who imposed the sentence, and the sheriff of the county who executed it for false imprisonment. At the trial a verdict was directed for the defendants.

The controversy grew out of a complaint made by the health officer under the ordinance against plaintiff on account of her refusal to abate a nuisance on her premises consisting of sewage and water-closet deposit. No question is raised on the regularity or validity of the proceedings up to the time of sentence. The point relied upon by counsel is that the justice exceeded his jurisdiction in sentencing plaintiff to the county jail. He asserts that proceedings for a violation of the ordinance are merely civil proceedings; that under such proceedings a female is immune from imprisonment by force of the statute.

1. The question therefore to be determined is whether these proceedings were civil proceedings within the meaning of section 10342, 3 Comp. Laws (3 Comp. Laws 1915, § 12445). This section provides that:

"No female shall be imprisoned on any process in any civil action except in actions for the violation of any of the provisions of an act entitled 'An act to prevent the manufacture and sale of spirituous or intoxicating liquors as a beverage,' * * * in which actions she shall be liable to the same punishment as a male."

Prosecutions under city or village ordinances have usually been regarded as civil proceedings, and it is clear that, if this case is to be so regarded, the plaintiff's contention is right. *City of Ishpeming* v. *Maroney*, 49 Mich. 226 (13 N. W. 527). In this case it was said that:

"While it would seem quite clear that the charge upon which the respondent was arrested was not criminal in its character and that she could not therefore be imprisoned, yet there would seem to be two objections to the present remedy."

In the case of *Village of Northville* v. *Westfall*, 75 Mich. 603 (42 N. W. 1068), wherein an attempt was made by the village authorities to review a proceeding under the ordinance which had resulted in the acquittal of the defendant, the court held that it was not permissible and indirectly considered this question. It was there said:

"It is claimed that imprisonment in such cases is not by way of punishment as for a crime or misdemeanor, but simply for the enforcement of the penalty. Yet the statute authorizes and the ordinance provides for imprisonment as well as fine, or both, in the discretion of the court; and upon a conviction the offender may suffer as long a term of imprisonment, as well as adjudged to pay a fine, as in any case of misdemeanor cognizable by a justice of the peace that is criminal in its nature.

"It is true that the proceedings for the enforcement of ordinances have always been regarded as civil actions, but where, under the statute, the enforcement is sought by resort to proceedings which are carried forward in all respects as criminal cases are prosecuted, by complaint and warrant, and where the court is authorized to inflict upon the offender not only the fine, and imprisonment for its nonpayment, but also imprisonment aside from a pecuniary fine, I have no doubt that upon a trial on the merits the offender has been as much in jeopardy, within the meaning of that term, as though the proceedings were strictly criminal."

In *People* v. *Vinton*, 82 Mich. 39 (46 N. W. 31), the respondent was convicted of selling intoxicating liquors in violation of a village ordinance. In considering the question as to whether on appeal to the circuit court the case should be docketed as a criminal case, among other things, it was said:

"It is apparent from these provisions that suits to recover these penalties in an action of debt or assumpsit would and must be commenced, tried, and appealed as civil cases, with the village of Sparta as

plaintiff. But when they are commenced by complaint and warrant they take on the nature of criminal proceedings, and may be commenced and prosecuted in the name of the people of the State of Michigan."

In the case under consideration the legislature authorized the city of Battle Creek to pass ordinances pertaining to the public health, and empowered it to "prescribe penalties for the violation of any lawful order, rule or regulation made by the board of health, or any officer thereof" (1 Comp. Laws, § 3131 [1 Comp. Laws 1915, § 3045]), and also declared a violation of any such rule or regulation a misdemeanor (2 Comp. Laws, §§ 4412, 4459 [1 Comp. Laws, 1915, §§ 5043, 5090]). In pursuance of this authority the city of Battle Creek passed the ordinance in question and provided therein a punishment "by a fine not exceeding $100 and costs of prosecution, or by imprisonment in the county jail or city prison or in any workhouse or house of correction in the city, with or without labor, not to exceed 90 days."

In view of the cases cited and the facts here presented, we are of the opinion that, where the act complained of is an offense against the statute as well as against the ordinance, and the proceedings are commenced by complaint and warrant and disposed of according to the rules of criminal procedure, they are not civil proceedings within the meaning and intent of the immunity statute relied upon. Taking this view of the question, the action of the trial court in directing a verdict for the defendants will be affirmed.

KUHN, C. J., and STONE, OSTRANDER, MOORE, STEERE, and BROOKE, JJ., concurred. PERSON, J., did not sit.