PEOPLE v. GOLDMAN.

1. CRIMINAL LAW—ORDINANCES — RECKLESS DRIVING—EVIDENCE— SUFFICIENCY.

In a prosecution for reckless driving of an automobile in violation of an ordinance of the city of Detroit, evidence *held*, sufficient to sustain a conviction.

2. SAME—FELONIES—MISDEMEANORS.

Crimes include both felonies and misdemeanors; the only distinction in this State being that persons convicted of the former may be sentenced to State prisons.

3. SAME—VIOLATION OF AN ORDINANCE CONSTITUTES A CRIME.

A city ordinance validly enacted is as much the law of the land for that locality as a law enacted by the legislature, and a person violating it commits an offense, and in one sense a crime, for which he may be sentenced.

4. SAME—ORDINANCES—PROBATION.

In view of the fact that a violation of a city ordinance prohibiting reckless driving of an automobile was also a

violation of 1 Comp. Laws 1915, § 4817, as amended by Act No. 368, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 4817), the provisions of Act No. 105, Pub. Acts 1913 (1 Comp. Laws 1915, § 2029 *et seq.*), providing for a uniform system of probation, are applicable, and on conviction of a violation of said ordinance, the court had power to place defendant on probation.

Certiorari to recorder's court of Detroit; Bartlett (Charles L.), J.    Submitted January 18, 1923. (Docket No. 160.)    Decided March 22, 1923.

Benjamin F. Goldman was convicted of the reckless driving of an automobile, and placed on probation for 1 year.    Affirmed.

*Harold Goodman,* for appellant.

*Clarence E. Wilcox,* Corporation Counsel, and *Clarence E. Page,* Assistant Corporation Counsel, for the people.

SHARPE, J.    Defendant was convicted on a charge of reckless driving of an automobile in the city of Detroit in violation of section 8 of part II, chapter 35 of the compiled ordinances of that city, and placed on probation for one year.    He reviews his conviction and the order placing him on probation by writ of certiorari.

1. It is claimed that there was not sufficient evidence to support the conviction.    The proof offered by the prosecution established the fact that defendant drove his car into the back of one parked close to the curb near the entrance to Water Works park at the foot of Jefferson avenue.    Defendant admitted the collision, but claimed it was unavoidable in his effort to prevent his car from striking a foot passenger who was crossing the street immediately in front of the parked car.    We have read the testimony with care

and feel constrained to hold that a question of fact was presented.

2. Counsel insists that the sentence imposed is void because the law providing for placing persons on probation does not apply to those convicted of a violation of a city ordinance. The act in question (Act No. 105, Pub. Acts 1913, 1 Comp. Laws 1915, § 2029 *et seq.*) is entitled:

"An act to provide a uniform system of probation throughout the State of Michigan; the appointment of probation officers and to prescribe the powers, duties and compensation of such officers; to provide a penalty for the violation of his duties; and to repeal act number ninety-one of the Public Acts of nineteen hundred three, as amended."

Section 1 reads as follows:

"In all prosecutions for crimes or misdemeanors, except murder and treason, where the defendant has been found guilty, upon verdict or plea, and where the court has power to sentence such defendant to fine or imprisonment, and where it appears to the satisfaction of the court that the defendant is not likely again to engage in an offensive or criminal course of conduct, and that the public good does not require that the defendant shall suffer the penalty imposed by law, said court shall have the power to place the defendant on probation under the charge and supervision of a probation officer."

The language of this section is subject to criticism because crimes, strictly speaking, include both felonies and misdemeanors. The only distinction between them in this State is that persons convicted of the former may be sentenced to the State prisons.

The question here presented hinges on whether the violation charged is a crime. The penalty provided therefor is a fine not exceeding $500 or imprisonment in the Detroit house of correction for not exceeding 90 days, or both in the discretion of the court. In the early history of the State, but little power was con-

ferred on cities in the way of local self-government.
The following language of Mr. Chief Justice MARTIN
in *People* v. *Jackson*, 8 Mich. 110, indicates the nature
of the ordinances then enacted:

"The ordinances of the city are no more nor less
than by-laws of a corporation; and it would be strange
indeed if such could be raised to the dignity of general
criminal laws."

When the legislature began to extend the power of
the cities to legislate in matters of local concern,
under the authority conferred by article 4, section 38,
of the Constitution of 1850, and ordinances began to
be enacted providing for punishment by fine or im-
prisonment, or both, this court recognized that viola-
tions of such ordinances were violations of the law
and that, when prosecuted as criminal cases, the
procedure applicable to crimes attached thereto.
In *People* v. *Hanrahan*, 75 Mich. 611 (4 L. R. A.
751), the subject was discussed at great length by Mr.
Justice CHAMPLIN.    The entire opinion may be read
with much profit.    The validity of an ordinance pro-
hibiting the keeping of houses of prostitution within
the limits of the city of Detroit was involved, and it
was insisted that as the State law contained such a pro-
hibition the city council had no power to legislate in
reference to it.    In the opinion it was clearly pointed
out that it was competent for the legislature to con-
fer the power exercised upon the city council and that
the ordinance might be enforced notwithstanding the
provision in the law of the State on the same subject.
It was said that—

"Whenever a person does an act which is prohibited
by law, which act is punishable by fine, penalty, for-
feiture, or imprisonment, he commits a crime"—

and, further, that an ordinance validly enacted is—

"as much the law of the land for that locality as a
law enacted by the legislature; and a person violating

it commits an offense, and in one sense a crime, for which he may be sentenced."

In *Village of Northville* v. *Westfall*, 75 Mich. 603, it was held that a person convicted of the violation of an ordinance regulating saloons could not be afterwards tried for a violation of the State law predicated on the same facts. In *Stewart* v. *Hart*, 196 Mich. 137, the question was presented as to whether a woman could be lawfully imprisoned on conviction of a violation of a city ordinance in view of the statute then in force (3 Comp. Laws 1897, § 10342) which exempted a female from imprisonment under civil process except in certain specified cases. The conclusion was reached:

"In view of the cases cited and the facts here presented, we are of the opinion that, where the act complained of is an offense against the statute as well as against the ordinance, and the proceedings are commenced by complaint and warrant and disposed of according to the rules of criminal procedure, they are not civil proceedings within the meaning and intent of the immunity statute relied upon."

The act here complained of is a violation of section 4817, 1 Comp. Laws 1915, as amended by Act No. 368, Public Acts of 1921 (Comp. Laws Supp. 1922, § 4817), as well as of the ordinance. The complaint made against the defendant charged a crime, and on his conviction we think the trial court had the power to place him on probation.

The writ of certiorari is dismissed.

Wiest, C. J., and Fellows, McDonald, Clark, Bird, Moore, and Steere, JJ., concurred.