PEOPLE *v.* RIKSEN.

1. APPEAL AND ERROR—VIOLATION OF ORDINANCES—MUNICIPAL CORPORATIONS.

Generally a municipality may appeal from a judgment for defendant in a prosecution for violation of an ordinance if the proceeding be regarded as civil but if it is regarded as criminal there can be no appeal by it except by express statutory authority.

2. SAME—VIOLATION OF ORDINANCE RELATING TO HAWKERS AND PEDDLERS—CRIMINAL LAW.

Proceedings against one who violated a municipal ordinance requiring a license fee of $150 of hawkers and peddlers for each vehicle used are not criminal in the sense that they are an enforcement of general criminal laws within the meaning of statutes and rules for review by the Supreme Court (Ann Arbor Ordinance Relative to Hawkers and Peddlers).

3. SAME—MUNICIPAL CORPORATIONS—HAWKERS AND PEDDLERS.

> Review by appeal to the Supreme Court *held,* proper method to review judgment of conviction by justice of the peace of violation of city ordinance relative to hawkers and peddlers, hence cause is properly before Supreme Court where leave to appeal had been granted (Ann Arbor Ordinance Relative to Hawkers and Peddlers).

4. MUNICIPAL CORPORATIONS—CRITERION OF REASONABLENESS OF LICENSE FEE CHARGED.

> Criterion by which reasonableness of the license fee charged under a municipal ordinance is to be gauged is the cost of investigation, regulation and control of the business by the municipality; it cannot be determined by the extent of business of a single individual as there may be competition, negligence on his part or other considerations affecting the extent of his business; a wide latitude being given to the exercise of legislative discretion in the determination of the amount of the fee.

5. SAME — HAWKERS AND PEDDLERS — REASONABLENESS OF LICENSE FEE.

> In determining reasonableness of $150 license fee annually exacted of hawkers and peddlers under a municipal ordinance, court may consider all the circumstances of the case such as size of city, cost of inspection and regulation and that, although the business is a lawful one, it may become a great nuisance and, so considered, *held,* somewhat large but not unreasonable (Ann Arbor Ordinance Relative to Hawkers and Peddlers).

6. SAME—ORDINANCES—LICENSES—DISCRETION OF MAYOR.

> Under municipal ordinance, relating to hawkers and peddlers, providing that mayor may suspend a license for violating a city ordinance, violation of terms of the license or for undesirable business practices, the mayor is not given an arbitrary power to suspend a license as the ordinance provides a standard for his guidance and bounds within which his discretion may be exercised (Ann Arbor Ordinance Relative to Hawkers and Peddlers).

7. SAME—ORDINANCES—ARBITRARY ACTION OF MAYOR—REVIEW.

> Right to review action of a mayor in suspending, in an arbitrary manner, a license issued under a municipal ordinance setting

forth a standard for his guidance and delimiting his discretion thereunder is inherent in the courts.

8. Constitutional Law — Licenses — Hawkers and Peddlers — Fees.

Municipal ordinance exacting $150 license fee annually for each vehicle used by hawkers and peddlers and setting forth standard for guidance of mayor in suspending license *held*, valid (Ann Arbor Ordinance Relative to Hawkers and Peddlers).

9. Costs—Constitutionality of Municipal Ordinance.

No costs are allowed on city's appeal in proceeding against one who violated a city ordinance relating to hawkers and peddlers where issue involved the constitutionality of the ordinance (Ann Arbor Ordinance Relating to Hawkers and Peddlers).

Appeal from Washtenaw; Sample (George W.), J. Submitted January 13, 1938. (Docket No. 115, Calendar No. 39,723.) Decided May 4, 1938.

B. Ray Riksen was convicted in justice court of the violation of a city ordinance relating to hawkers and peddlers. Defendant appealed to circuit court. Reversed. Plaintiff appeals. Reversed and remanded.

*William M. Laird,* for plaintiff.

*Hooper & Hooper,* for defendant.

Sharpe, J. Defendant was charged with violating the hawkers and peddlers ordinance of the city of Ann Arbor. Complaint was made and filed with the justice of the peace of Ann Arbor and warrant was issued on said complaint under which the defendant was arrested. Defendant was convicted and ordered to pay a fine and costs. He appealed the conviction to the circuit court; and upon proceedings therein the defendant was held not guilty and was discharged on the ground that the ordinance was unconstitutional.

Thereafter, the people of the city of Ann Arbor made application to this court for leave to appeal which was granted. In discussing the right of the people to appeal, the general rule is well stated in 2 Am. Jur. p. 986, § 228:

"The right of a municipality to appeal from a judgment in favor of the defendant in a prosecution for violation of an ordinance depends upon whether the proceeding is treated as civil or criminal. As a general rule, if the proceeding is regarded as civil, the municipality may appeal, while if it is regarded as criminal, there can be no appeal by the municipality except by express statutory authority. This is true in the latter case even though the State is authorized by statute to appeal from a judgment for the defendant in a criminal prosecution, such statute not applying to municipal corporations."

We have held in many cases that violation of an ordinance is "in one sense a crime." *City of Detroit* v. *Wayne Circuit Judge,* 233 Mich. 356.

See *People* v. *Goldman,* 221 Mich. 646, (complaint charged a crime as well as violation of the ordinance); *People* v. *Hanrahan,* 75 Mich. 611 (4 L. R. A. 751) (complaint charged a crime under the statute as well as ordinance); *Stewart* v. *Hart,* 196 Mich. 137, (legislature authorized city of Battle Creek to pass ordinances pertaining to public health, empowered it to "prescribe penalties for (their) violation * * * and * * * declared a violation * * * a *misdemeanor*").

The charge upon which defendant was arrested was not criminal in character and the proceedings were not criminal in the sense that they were an enforcement of general criminal laws. In *People* v. *Smith,* 146 Mich. 193, defendant was arrested upon a warrant for selling goods without a license contrary to the ordinance. The court said, "prosecu-

tions for violation of city ordinances are not criminal cases within the meaning of the term as used in the general laws of the State," and held that violations of city ordinances are not criminal cases within the meaning of the statute allowing exceptions to be certified to this court before judgment in criminal cases.

Nor are such violations criminal cases within the meaning of the statutes and rules for review by this court. Review in this court by appeal is the proper method (see *People* v. *Smith, supra,*) and the people of the city of Ann Arbor having been granted permission to appeal, the cause is properly before us.

Defendant contended before the justice and circuit courts that the ordinance was unconstitutional in that the provision in said ordinance requiring a license fee of $150 per year for each vehicle used by a hawker or peddler was excessive, unreasonable, prohibitive and confiscatory; and because the ordinance vests arbitrary discretion in the mayor and city council relative to the granting, suspending and revoking of licenses issued thereunder.

Decision of invalidity of the ordinance in the circuit court was based upon the ground that the fee for license to do business was confiscatory. In the case at bar, respondent was in the business of peddling tobacco, soft drinks, ice-cream, candy, milk and sandwiches to about 60 fraternities, sororities and league houses surrounding the campus of the University of Michigan, but did not have a license to peddle as prescribed by the ordinance. We have repeatedly held that the criterion, by which the reasonableness of the license fee charged is to be gauged, is the cost of investigation, regulation and control of the business by the municipality. *Vernor* v. *Secretary of State,* 179 Mich. 157 (Ann. Cas.

1915D, 128); *Fletcher Oil Co.* v. *City of Bay City,* 247 Mich. 572.

"The reasonableness or unreasonableness of a license tax cannot be determined by the extent of business of a single individual. There may be competition, or negligence on his part, or other considerations affecting the extent of the business of complainant." *Nashville, C. & St. L. Railway* v. *City of Attalla,* 118 Ala. 362, 368 (24 South. 450).

In *O'Hara* v. *Collier,* 173 Mich. 611 (Ann. Cas. 1914D, 936), the city of St. Joseph enacted an ordinance which compelled a peddler of flour, bran, et cetera, to pay a fee of $4 for one day, and $100 for one year. In upholding this ordinance, we there said:

"In discussing this subject, Mr. Tiedeman, in his work on Municipal Corporations (1st Ed.), p. 213, § 123, says:

" 'Although it is a judicial question whether the sum exacted is a reasonable one, a wide latitude is given to the exercise of legislative discretion, in the determination of the amount of the license fee. The license may be required as a police regulation, for the purpose of insuring the proper police supervision, whenever the character of the trade or business is such that the absence of the police supervision would occasion injury to the public, dealing with those engaged therein, * * * because it furnishes abundant opportunities for the perpetration of frauds, which without police supervision will very likely prove successful. On these general grounds, it is competent for a municipality to require licenses, and subjection to police supervision of * * * peddlers and itinerant venders, and others, upon whose honesty and care the public have to depend, often without previous acquaintance with them, and usually without opportunities for investigation. * * *

" 'What is a reasonable fee must depend largely upon the sound discretion of the city council, having reference to all the circumstances and necessities of the case; and unless the amount is manifestly unreasonable, in view of its purposes as a police regulation, the court will not adjudge it a tax.' "

See, also, *People* v. *Grant,* 157 Mich. 24 (133 Am. St. Rep. 329).

In determining whether the fee exacted is a reasonable one, we may consider all of the circum-

stances and necessities of the case, such as the type . of business, the size of the city, the cost of inspection and of regulation. We have in mind that peddling is in itself a lawful pursuit, but one that is liable to become a great nuisance (*People* v. *Kupusinac,* 261 Mich. 398), and while the fee exacted is somewhat large, yet we cannot say in view of all the circumstances that it is unreasonable.

Under this ordinance the mayor may suspend a license for violation of a city ordinance, violation of the terms of the license or for undesirable business practices. A fair construction of this section of the ordinance indicates that the mayor may not arbitrarily suspend a license. The ordinance directs a standard for his guidance and conditions under which suspension may be accomplished. The only discretion the mayor has under the terms of this ordinance is to determine whether there has been a violation of the ordinance for any of the reasons mentioned. In *Hughes* v. *City of Detroit,* 217 Mich. 567, we said: "A capricious abuse of that discretion, as tested by the standard so set, would be subject to review." Defendant contends that the instant case is controlled by *Devereaux* v. *Genesee Township Board,* 211 Mich. 38, where it was held that Act No. 97, Pub. Acts 1919 (2 Comp. Laws 1929, §§ 8911–8916 [Stat. Ann. §§ 18.511–18.515]), regulating public billiard and pool rooms, dance halls, bowling alleys and soft drink emporiums outside of incorporated cities and villages was unconstitutional as it attempted to confer upon the township board arbitrary power to grant or refuse a license according to its whims or caprice. We there said, "the statute in question provides no method for the application for licenses, contains no qualifications which the applicant must possess, provides no standard of fit-

ness, makes no provisions as to the character of the structure or equipment to be used in the business regulated."

While the statute in the *Devereaux Case* contained no standard or qualifications for granting a license, the ordinance in the case at bar provides a standard by which it can be determined whether or not a license should be suspended and, if revocation is desired, the same rules and the same standard are to be applied as for suspension. Should the mayor act in an arbitrary manner in suspending or revoking licenses, the right to review his action is inherent in the courts.

The ordinance is valid and the cause is referred to the trial court for further consideration. No costs will be allowed as the issue relates to the constitutionality of an ordinance.

WIEST, C. J., and BUTZEL, BUSHNELL, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.