PEOPLE v BURNETT

CRIMINAL LAW—CONSTITUTIONAL LAW—ORDINANCES—VIOLATION—
  JURY TRIAL.
  A defendant charged with violating a municipal ordinance cover-
  ing a crime which in terms is identical to a section of the
  general criminal legislation of the state or charged with violat-
  ing an ordinance which authorizes incarceration as a permissi-
  ble sentencing alternative is entitled to a jury trial as guaran-
  teed by the state constitution (Const 1963, art 1, § 20).

Appeal from Calhoun, Creighton R. Coleman, J. Submitted Division 3 June 6, 1974, at Grand Rapids. (Docket No. 17641.) Decided September 25, 1974. Leave to appeal denied, 393 Mich —.

Peggy Burnett was charged in the district court with furnishing alcohol to a minor, a misdemeanor under a municipal ordinance. Defendant's written request for a jury trial denied. Defendant appealed to circuit court. Affirmed and remanded for bench trial. Defendant appeals on leave granted. Reversed and remanded for jury trial.

*Ralph W. Harbert, Jr.,* Battle Creek City Attorney, for the people.

*William L. Coash,* Legal Aid Society of Calhoun County, *Richard M. Skutt* and *Alan W. Houseman,* Michigan Legal Services Assistance Program, and *John L. Barkai,* Wayne State University Law School, for defendant.

REFERENCE FOR POINTS IN HEADNOTE
47 Am Jur 2d, Jury §§ 7–89.

*Amici Curiae: Sigmund A. Beras,* Southfield City Attorney, *Sherwin M. Birnkrant,* City of Pontiac—Director of Law, *George B. Catlin,* Grosse Point Woods City Attorney, *Phillip L. Poole,* Southfield Assistant City Attorney, *Frederick R. Felix,* Pontiac Deputy City Attorney, and *Donald H. Hann* and *John R. Marquis,* Holland Deputy City Attorneys, for Michigan Association of Municipal Attorneys.

*Sheldon M. Meizlish,* for American Civil Liberties Union of Michigan.

Before: HOLBROOK, P. J., and T. M. BURNS and R. L. SMITH,* JJ.

T. M. BURNS, J. Defendant Peggy Burnett is charged with furnishing alcohol to a minor, a misdemeanor pursuant to § 9.155 of the Battle Creek Code. Upon conviction of that offense, an accused may be incarcerated in the county jail for 90 days, fined not more than $500, or both.[1]

Defendant filed a timely written request for a jury trial in the district court. The district court, by order entered July 15, 1972, denied that request. The matter was then appealed to the Calhoun Circuit Court, which affirmed the district court and remanded the case for a bench trial.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] Section 9.155 of the Battle Creek Code is similar in content to MCLA 750.141a; MSA 28.366(1). Contrary to the assertion of the Michigan Association of Municipal Attorneys at page 2 of its amicus curiae brief, the maximum punishment which may be imposed for conviction of violating MCLA 750.141a; MSA 28.336(1) is 90 days or a fine of $100—*see* MCLA 750.504; MSA 28.772—unless the furnishing of such alcoholic beverages involved consideration. Only in that event, *i.e.,* where consideration is involved, is the maximum penalty imprisonment for not more than 1 year or a fine of not more than $1,000 or both.

Leave to appeal was subsequently granted by this Court on September 20, 1973.

The sole meritorious issue raised on appeal is whether a person charged with violating a municipal ordinance providing for incarceration in the county jail for up to 90 days is guaranteed a right to trial by jury under article 1, § 20 of the Michigan Constitution of 1963.

Defendant contends that the framers of our constitution intended to extend the right to a jury trial to all persons accused of a crime. Defendant, therefore, argues that where imprisonment is a permissible sentencing alternative authorized by a municipal ordinance, a violation of that ordinance must be considered a crime giving rise to the right to a jury trial.

On the other hand, plaintiff asserts that a jury trial is not required for a petty offense and that since the municipal ordinance violation in the case at bar is a petty offense punishable by a maximum of only 90 days in jail, defendant is not entitled to a trial by jury.

Const 1963, art 1, § 20[2] provides in pertinent part:

"In every criminal prosecution, the accused shall have the right to a speedy and public trial by an impartial jury, which may consist of less than 12 jurors in prosecutions for misdemeanors punishable by imprisonment for not more than 1 year."

Since our constitution grants the right to a trial by jury to an accused in every criminal prosecu-

---

[2] A 1972 amendment ratified at a special election August 8, 1972, substituted the words "in prosecutions for misdemeanors punishable by imprisonment for not more than 1 year" for the words "in all courts not of record". Before this amendment, this provision appeared without significant change in Const 1850, art 6, § 28 and Const 1908, art 2, § 19.

tion, the controlling question to be decided is whether a proceeding to enforce a violation of a municipal ordinance is a criminal prosecution, where possible punishment in that proceeding involves incarceration. If such proceeding is a criminal prosecution, then the accused is entitled to a jury trial.

In *In re Cox*, 129 Mich 635; 89 NW 440 (1902), the Michigan Supreme Court considered the issue of the right to a jury trial in an ordinance violation case. In *Cox* the defendant was convicted of violating a Detroit city ordinance at a trial without a jury and sentenced to a fine of $15 or 12 days in jail. On appeal, the Supreme Court ruled against her contention that she was entitled to a jury trial, when it stated at page 636:

> "[T]rial by jury was not included in due process of law as applicable to violations of municipal by-laws, proper, which relate to acts and omissions that are not embraced in the general criminal legislation of the State, and punishable by fine."

Defendant maintains that the logic of *Cox* supports her position and should be given controlling weight in this case. We agree.

The *Cox* decision dealt only with ordinances not embraced within the general criminal legislation of the state. However, *Cox* also impliedly holds that the right to trial by jury does exist where the charge is one which is embraced in the general criminal legislation of the state, regardless of whether the prosecution is under a state law or a village ordinance. In the case at bar, defendant is charged with violating an ordinance which closely parallels a section of the general criminal legislation of the state.[3] Possible punishment includes

---

[3] Battle Creek Ordinance 9.155 provides in pertinent part:
"No person, either directly or indirectly, by himself, clerk, agent,

incarceration. We read *Cox* to support our holding that since this particular ordinance has a counterpart in the general criminal legislation of the state, the right to a jury trial extends to it.

We do not rely solely on *Cox* to support our position. In *People v Goldman,* 221 Mich 646; 192 NW 546 (1923), the Supreme Court held that the violation of a Detroit city ordinance was a crime. In reaching its ultimate conclusion that the word "crime" as used in the probation act, MCLA 771.1; MSA 28.1131, embraces prosecutions for acts or omissions under the state law and also constitutes violations of local ordinances, the *Goldman* Court quoted with approval *People v Hanrahan,* 75 Mich 611; 42 NW 1124 (1889), where it was said on pages 649–650 that:

" 'Whenever a person does an act which is prohibited by law, which act is punishable by fine, penalty, forfeiture, or imprisonment, he commits a crime—
"and, further, that an ordinance validly enacted is—
" 'as much the law of the land for that locality as a law enacted by the legislature; and a person violating it commits an offense, and in one sense a crime, for which he may be sentenced.' "

In *Stewart v Hart,* 196 Mich 137; 162 NW 1028 (1917), the question considered was whether a woman could be lawfully imprisoned upon convic-

servant, or employee shall at any time furnish, give or deliver any alcoholic liquor to any person, which person shall not have attained the age of twenty-one (21) years, provided, however that nothing contained herein shall prohibit sale of alcoholic beverage to a minor upon the authority and pursuant to a prescription of a duly-licensed physician."

MCLA 750.141a; MSA 28.336(1) provides in pertinent part:

"Any person, who knowingly gives or furnishes any alcoholic beverage to a minor except upon authority of and pursuant to a prescription of a duly licensed physician, shall be guilty of a misdemeanor * * *."

tion of an ordinance violation in view of a statute then in force which exempted females from imprisonment under civil process except in certain cases. The Court there stated at page 140:

"[W]e are of the opinion that, where the act complained of is an offense against the statute as well as against the ordinance, and the proceedings are commenced by complaint and warrant and disposed of according to the rules of criminal procedure, they are not civil proceedings within the meaning and intent of the immunity statute relied upon."

See also *Delta County v Gladstone,* 305 Mich 50, 53; 8 NW2d 908 (1943); *People v Riksen,* 284 Mich 284; 279 NW 513 (1938); *Detroit v Wayne Circuit Judge,* 233 Mich 356; 206 NW 582 (1925); *Village of Northville v Westfall,* 75 Mich 603, 607–608; 42 NW 1068 (1889).

The act here complained of is a violation of MCLA 750.141a; MSA 28.336(1) as well as of the ordinance. The complaint made against defendant charges her with a crime, and upon her conviction the trial court has the power to incarcerate her in the county jail for up to 90 days. The deprivation of liberty is the same regardless of whether a piece of legislation is termed a statute or a municipal ordinance.

"[N]o resort to subtlety can refute the fact that the power to imprison is a criminal sanction. To view otherwise is self-delusion. Courts should not, ostrich-like, bury their heads in the sand." *Canon City v Merris,* 137 Colo 169, 170, 174; 323 P2d 614, 617 (1958).

We are, therefore, of the opinion that the defendant has a right to a jury trial in this criminal prosecution.

We, therefore, hold that where, as here, a de-

fendant is charged with violating a municipal ordinance which is in terms identical to a section of the general criminal legislation of the state or where the ordinance authorizes incarceration as a permissible sentencing alternative, said violation of such ordinance is a crime and, therefore, the defendant in such criminal prosecution is entitled to a jury trial as guaranteed by our state constitution.

Having resolved this issue in defendant's favor, we find it unnecessary to consider defendant's equal protection argument.

Reversed and remanded for proceedings consistent with this opinion.

All concurred.