CAHILL v FIFTEENTH DISTRICT JUDGE

1. BAIL—TRAFFIC OFFENSES—STATUTES.

Persons charged with traffic offenses have an absolute right to post 10% of the cash bail set by the court, however, such payment must not be less than $10 (MCLA 780.66; MSA 28.872[56]).

2. BAIL—BOND SCHEDULE—CLERKS OF COURTS—DISCRETION—MINISTERIAL DUTIES.

The clerk has a ministerial duty where the court has previously adopted and approved a bond schedule which has been applied by the clerk of the court to apply the schedule to a defendant who seeks to post bond for an offense included in the schedule, and the clerk has no discretion to require the defendant to seek the specific approval of a judge before a bail bond may be posted.

3. CRIMINAL LAW—JURY TRIALS—JAIL SENTENCES—CONSTITUTIONAL LAW.

The defendant in a criminal prosecution is entitled to a jury trial; a criminal prosecution results whenever the defendant may receive a jail sentence upon conviction (Const 1963, art 1, § 20).

4. CRIMINAL LAW—JURY TRIALS—WAIVER OF JURY—STATUTES.

Only the defendant may waive the right to a trial by jury; such a waiver may not be made for him by the court (MCLA 763.3; MSA 28.856).

Appeal from Washtenaw, Ross W. Campbell, J. Submitted December 3, 1975, at Grand Rapids. (Docket No. 17375.) Decided July 19, 1976.

REFERENCES FOR POINTS IN HEADNOTES
[1] 8 Am Jur 2d, Bail and Recognizance § 19.
[2] 8 Am Jur 2d, Bail and Recognizance § 8.
[3] 47 Am Jur 2d, Jury § 50.
[4] 47 Am Jur 2d, Jury §§ 61–89.
  Validity and effect of contractual waiver of trial by jury. 73 ALR2d 1332.

Complaint by David Cahill, for himself and all those similarly situated, against Pieter G. V. Thomassen, judge of the Fifteenth District Court, seeking a writ of superintending control to compel the judge to order the court clerk to accept a statutory 10% bond and to grant a jury trial in traffic offense cases. Dismissed. Plaintiffs appeal. Reversed.

*Goldstein* and *Welber, P. C.,* for plaintiffs.

*John K. VanLoon,* Assistant Ann Arbor City Attorney, for defendant.

Before: Danhof, C. J., and Quinn and D. E. Holbrook, Jr., JJ.

D. E. Holbrook, Jr., J. On June 27, 1972, the Ann Arbor Police Department issued a routine traffic ticket to David Cahill. Cahill was cited for making an illegal left turn contrary to § 10:41 of the Ann Arbor City Code.[1] When Cahill appeared in district court to contest the ticket the court clerk refused him permission to post the statutory ten percent cash bail. MCLA 780.66; MSA 28.872(56).

According to a bond schedule previously approved by the district judges and used by the clerk's office, the bond for this offense was fixed at $35. The clerk, however, informed him that in order to post such a bond he must personally appear before the district judge. The clerk also refused Cahill's request for a jury trial again

---

[1] Ann Arbor City Code, § 10:41:

*"Compliance with Traffic Control Devices.* No driver of a vehicle shall disobey the instructions of any traffic control device placed in accordance with provisions of this Chapter unless at a time otherwise directed by a Police Officer."

This section parallels MCLA 257.611; MSA 9.2311.

referring him to the district judge. After a substantial wait the district judge granted Cahill a personal recognizance bond in the penal sum of $100. The district judge also denied Cahill's request for a jury trial.

Thereafter, Cahill instituted a class action for a writ of superintending control in the Washtenaw County Court to compel the Fifteenth District judges to order the district court clerk to accept the statutory ten percent bond. The complaint also requested the circuit court to order the district judges to grant jury trials on demand.

The circuit court dismissed the complaint for a writ of superintending control. From that order dismissing their complaint, for a writ of superintending control plaintiffs appeal as of right.[2]

## I

The plaintiffs base their first argument on our opinion in *Pressley v Wayne County Sheriff,* 30 Mich App 300; 186 NW2d 412 (1971). Therein it was held that persons charged with traffic and misdemeanor offenses have a right to post bail by depositing ten percent of the amount of bail *set by the court* with the clerk in accordance with the terms of the statute. MCLA 780.66; MSA 28.872(56).[3] (Emphasis supplied.)

Here Cahill's bail had been set by the court, administratively, by virtue of the bond schedule previously adopted and approved. The clerk, under such circumstances, had a ministerial duty to apply the schedule and was without discretion to require the defendant to seek the judge's specific

---

[2] *Cahill v Fifteenth District Judge,* 393 Mich 137; 224 NW2d 24 (1974).

[3] The statute requires a minimum deposit of $10. MCLA 780.66(1); MSA 28.872(56)(1).

approval, for we hold in such cases a defendant has an absolute right to post bail in accordance with the provisions of MCLA 780.66; MSA 28.872(56).

We are not persuaded by the circuit court's reasoning that since Cahill was subsequently granted a personal recognizance bond, with no cost to him, that he lacked standing to challenge the district court's bonding and bail policy.[4] Here Cahill was required to wait several hours to personally appear before the district judge. Delay such as this, in our opinion, will tend to discourage persons from utilizing the statute and defeat the statute's obvious intent of convenient and expeditious bail for those persons charged with minor offenses.

## II

To support the second count of their complaint plaintiffs rely on *People v Burnett,* 55 Mich App 649; 223 NW2d 110 (1974), *lv den,* 393 Mich 765(1974). As in *People v Burnett, supra,* Cahill's case involved a prosecution under a municipal ordinance that parallels a state statute. The Court in *People v Burnett, supra,* in holding that the defendant was entitled to a jury trial for violation of a municipal ordinance making it unlawful to furnish alcohol to a minor, stated at page 654:

"The act here complained of is a violation of MCLA 750.141a; MSA 28.336(1) as well as of the ordinance.

---

[4] The circuit court's opinion did not address itself to the factual situations in the intervening plaintiffs' cases. Likewise, we do not consider the intervening plaintiffs' claims because we conclude that Cahill can adequately represent the interests of the class he purports to represent. *See Northview Construction Co v St Clair Shores,* 395 Mich 497; 236 NW2d 396 (1975).

The complaint made against defendant charges her with a crime, and upon her conviction the trial court has the power to incarcerate her in the county jail for up to 90 days. The deprivation of liberty is the same regardless of whether a piece of legislation is termed a statute or a municipal ordinance."

At the time Cahill was ticketed, the maximum penalty was 90 days in jail. Ann Arbor City Code, § 10:156.

Although *People v Burnett, supra,* was decided subsequent to the circuit court's decision in this case, we hold such case to be applicable. While directly interpreting art 1, § 20 of the Michigan Constitution as amended in 1972, the Court relied on previous case law to support its position. *People v Burnett, supra* at 652–654, *e.g., People v Goldman,* 221 Mich 646; 192 NW 546 (1923), *In re Cox,* 129 Mich 635; 89 NW 440 (1902), *Village of Northville v Westfall,* 75 Mich 603; 42 NW 1068 (1889). Since the 1972 amendment did nothing to change the language granting to the accused a right to trial by jury in every criminal prosecution, the logic of *People v Burnett* should be applied in this case even though Cahill made his demand prior to the passage of the amendment. Thus, whenever a defendant may receive a jail sentence, his prosecution constitutes a criminal prosecution and he is entitled to a jury trial under the Michigan Constitution.

While the defendant has the right to waive a jury, MCLA 763.3; MSA 28.856, only the defendant may waive this right and it may not be done for him by the court. *People v Rimmer,* 59 Mich App 645, 647–648; 230 NW2d 170 (1975), *People v Henry Brown,* 57 Mich App 568, 571–572; 226 NW2d 563 (1975), *lv den,* 393 Mich 813(1975). This in effect is what was done in the instant case. We

hold, therefore, the trial court reversibly erred in denying defendant's demand for a trial by jury.

Reversed and remanded for proceedings consistent with this opinion.

Dᴀɴʜᴏꜰ, C. J., and Qᴜɪɴɴ, J., concur but as to result only as to Issue No. 2.